**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| GEORGIA ROBINSON BUTLER, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| GLOBAL LENDING SERVICES, | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

Civil Action No. 22-cv-01938-LKG

Dated:  August 3, 2023

<u>**MEMORANDUM OPINION**</u>

## I.    INTRODUCTION

Plaintiff *pro se*, Georgia Robinson Butler, brings this civil action against Defendant, Global Lending Services ("Global Lending"), alleging that Global Lending violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, by requiring and accepting a cash down payment and charging certain finance charges in connection with her purchase of an automobile.  *See generally*, ECF No. 1.  Global Lending has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 11.  Plaintiff has also moved to dismiss counsel for Global Lending; for entry of default judgment; and for emergency injunction, or for summary judgment.  ECF Nos. 12, 22 and 24.  These motions are fully briefed.  ECF Nos. 11; 12; 14; 16; 18; 21; 22; 24; 25; and 26.  No hearing is necessary to resolve the motions.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court: (1) **GRANTS** Global Lending's motion to dismiss; (2) **DENIES-as-MOOT** Plaintiff's motion to dismiss Global Lending's counsel; (3) **DENIES-as-MOOT** Plaintiff's motion for entry of default judgment; (4) **DENIES-as-MOOT** Plaintiff's motion for emergency injunction, or for summary judgment; and (5) **DISMISSES** the complaint.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

In this civil action, Plaintiff *pro se*, Georgia Robinson Butler, alleges that Global Lending violated the TILA and the FDCPA, by requiring and accepting a cash down payment and charging certain finance charges in connection with her purchase of an automobile.[2]  *See* ECF No. 16 at 5-7.  As relief, Plaintiff seeks to recovery monetary damages from Global Lending and to receive a replacement vehicle.  ECF No. 1 at 8-9.

Global Lending is a limited liability company and auto financier with its principal place of business in Greenville, South Carolina.  ECF No. 16 at 3.  Plaintiff is a resident of Prince William County, Virginia.  *Id*. at 1.

On October 31, 2020, Plaintiff purchased a 2013 Jaguar XF from Infiniti of Suitland, Maryland and she signed a retail installment sale contract ("RISC") in connection with this transaction.  ECF No. 1 at 1; ECF No. 11 at 1-3.  After Plaintiff executed the RISC, Infiniti of Suitland assigned the RISC to Global Lending on October 31, 2020.  ECF No. 11 at 2; ECF No. 11-1 at 5.  It is undisputed that Global Lending is the creditor and lender for Plaintiff's auto loan. *Id*.

The RISC contains an assignment provision which provides, in relevant part, that:

Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained, pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder.

The preceding notice applies only to goods or services obtained primarily for personal, family, or household use.  In all other cases, buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the buyer (debtor) may have against the

---

[1] The facts recited in this memorandum opinion are taken from the complaint (ECF No. 1); Plaintiff's response in opposition to Defendant's motion to dismiss (ECF No. 16); Defendant's motion to dismiss (ECF No. 11); and Defendant's reply in support of its motion to dismiss.  ECF No. 21.

[2] In her response in opposition to Global Lending's motion to dismiss, Plaintiff includes a proposed amended complaint that alleges additional claims for aggravated identity theft, Gramm-Leach Bliley Act violations and fraud and swindles.  ECF No. 16.

seller, or against the manufacturer of the vehicle or equipment obtained
under this contract.

ECF No. 18-1 at 2.  The RISC also requires that Plaintiff obtain automobile insurance,
and that Plaintiff pay a deposit on her auto loan and make monthly payments on the auto
loan.  *See* ECF No. 11 at 1; ECF No. 18-1 at 2.

In the complaint, Plaintiff alleges that Global Lending violated the FDCPA and the TILA
by requiring and accepting a cash down payment for the purchase of her automobile and
charging certain finance charges in connection with her purchase of the vehicle.  ECF No. 16 at
5-7.  In this regard, Plaintiff alleges that, in January 2021, she noticed that her billing statement
for the auto loan reflected a different loan amount than what was discussed at the initiation of the
transaction to obtain the loan.  ECF No. 16 at 3.  Plaintiff also alleges that she sent Global
Lending a debt validation letter and a Freedom of Information Act request about her auto loan,
which went unaddressed by Global Lending, in February and April 2021.  *Id*.  It is undisputed
that Global Lending repossessed Plaintiff automobile in March 2021, after she failed to make
payments on the auto loan.  ECF No. 16 at 3; ECF No. 18 at 12.

Plaintiff contends that the RISC is "no longer binding and is void due to the fraud that it
contains."  *See* ECF No. 1 ¶¶ 4-9.  Plaintiff further contends that the RISC is void, because
Global Lending and Infiniti of Suitland required and accepted a cash down payment in
connection with the purchase of her vehicle.  *Id*. at 4.  And so, Plaintiff seeks to recover, among
other things, $2,000,000 in compensatory damages and $1,000,000 in punitive damages from
Global Lending.  *Id*.

### B.    Procedural Background

Plaintiff commenced this action on August 4, 2022.  ECF No. 1.  On October 26, 2022,
Global Lending filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 11.

On October 26, 2022, Plaintiff filed a motion to dismiss Global Lending's counsel.  ECF
No. 12.  On November 9, 2022, Global Lending filed a response in opposition to Plaintiff's
motion to dismiss its counsel.  ECF No. 14.

On November 23, 2022, Plaintiff filed a response in opposition to Global Lending's
motion to dismiss.  ECF No. 16.  On December 30, 2022, Global Lending filed a reply brief.
ECF No. 21.

On January 18, 2023, Plaintiff filed a motion for entry of default judgment against Global Lending.  ECF No. 22.  On January 30, 2023, Plaintiff filed a motion for emergency injunction, or for summary judgment.  ECF No. 24.

On February 1, 2023, Global Lending filed a response in opposition to Plaintiff's motion for entry of default judgment.  ECF No. 25.  On February 14, 2023, Global Lending filed a response in opposition to Plaintiff's motion for emergency injunction, or for summary judgment. ECF No. 26.

These motions having being fully briefed, the Court resolves the pending motions.

## III.   LEGAL STANDARDS

### A.  *Pro Se* Litigants

Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted). And so, if Plaintiff fails to allege sufficient facts to establish jurisdiction, or set forth a cognizable claim, the Court must dismiss the complaint.

### B.  Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir.

4

2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement."  *Nemet Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

### C.  TILA Claims

Congress enacted the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, in 1968 to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit."  *Mourning v. Family Publications Serv., Inc.,* 411 U.S. 356, 364–65 (1973).  The TILA requires, among other things, that lenders "clearly and conspicuously provide a number of disclosures to borrowers, including the disclosure of the borrowers' right to rescind a consumer credit transaction."  *Watkins v. SunTrust Mortgage, Inc.,* 663 F.3d 232, 234 (4th Cir. 2011) (quoting 15 U.S.C. § 1601(a)).  Creditors are also required "to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrowers' rights" under the TILA.  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998); *see generally*, 15 U.S.C. §§ 1601-1667f.

The TILA disclosure requirements apply only to creditors and their assignees.  *Sizer v. Oshinnaiye*, No. ELH-19-569, 2020 WL 263493, at *12 (D. Md. Jan 17, 2017).  And so, "[t]he only parties who can be liable for [TILA] violations are the original creditor and assignees of that creditor."  *Id*; *see also* 15 U.S.C. §§ 1640 and 1641.  Under the TILA, a finance charge is any charge "imposed directly or indirectly by the creditor as an incident to the extension of credit," and "does not include charges of a type payable in a comparable cash transaction."  15 U.S.C. § 1605(a); *see also* 12 C.F.R. § 226.4(a).  To prevail on a TILA claim related to finance charges, "a plaintiff must provide evidence that a fee was incident to the extension of credit and not charged in comparable cash transactions."  *Tripp v. Charlie Falk's Auto Wholesale, Inc*., 290 F. App'x 622, 627–28 (4th Cir. 2008).  Section 1640 of the TILA authorizes a civil action for

damages against "any creditor who fails to comply with any requirement imposed under sections 1631–1651 and 1666–1667f (*i.e.,* Parts B, D, and E of the TILA)."

### D.  FDCPA Claims

To prevail on a Fair Debt Collection Practices Act claim, a plaintiff must prove that: (1) defendants are "debt collectors" as defined by the FDCPA; (2) plaintiff was the "object of collection activity" arising from a consumer debt; and (3) defendants were engaged in an act or omission prohibited by the FDCPA. *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012). The FDCPA defines debt collector as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be due another." 15 U.S.C. § 1692a(6). This Court has held that creditors are not debt collectors when they act to collect debts owed to themselves. *Boccone v. Am. Express Co.*, No. CIV. A. RDB 05- 3436, 2007 WL 2914909, at *5 (D. Md. Oct. 4, 2007) ("creditors collecting debts in their own names and whose primary business is not debt collection are not subject to the FDCPA."); *Reyes v. Bank of Am.*, N.A., No. CIV. PJM 12-3798, 2013 WL 6012504, at *2 (D. Md. Nov. 12, 2013) (as a general matter, creditors are not subject to the FDCPA.).

### E.  Fed. R. Civ. P. 15

Lastly, Fed. R. Civ. P. 15(a)(2) provides that, when a party cannot amend a pleading by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer v. Bank Securities, Inc.*, 479 F. App'x 475, 479 (4th Cir. 2012). And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

6

## IV.   LEGAL ANALYSIS

Global Lending has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the ground that Plaintiff fails to state plausible claims under the TILA and the FDCPA in the complaint, because Global Lending is not a debt collector as that term is defined under the FDCPA and Global Lending properly disclosed and charged Plaintiff finance charges under the RISC.  ECF No. 11 at 5-9.  Global Lending also argues that Plaintiff's proposed additional claims for aggravated identity theft, Gramm-Leach Bliley Act violations and fraud and swindles, as set forth in her proposed amended complaint, are also not plausible, because there is no private cause of action under the Gramm-Leach Bliley Act, and aggravated identity theft, fraud and swindles, are criminal statutes that do not allow for a private cause of action.  ECF No. 18 at 9-10.  And so, Global Lending requests that the Court dismiss this matter.  *Id.* at 13.

Plaintiff does not respond to Global Lending's arguments in her response in opposition. *See generally*, ECF No. 16.  But, she argues that the Court should not dismiss this matter, because, among other things, Global Lending did not provide her with the required disclosures regarding the finance charges for her auto loan.  *See generally*, ECF Nos. 1; 16.

For the reasons that follow, Plaintiff fails to state a claim under the FDCPA, because Global Lending is not a "debt collector" as defined by the FDCPA.  Plaintiff also fails to state a claim under the TILA, because: (1) Plaintiff cites to no authority to support her argument that cash payments should not be involved in consumer credit transactions; (2) the undisputed facts show that Plaintiff was properly charged a finance fee, because she was extended credit to purchase her automobile; and (3) the plain text of the RISC shows that Global Lending disclosed all credit terms for Plaintiff's auto loan, including the finance charges.

And so, the Court: (1) **GRANTS** Global Lending's motion to dismiss; (2) **DENIES-as-MOOT** Plaintiff's motion to dismiss Global Lending's counsel; (3) **DENIES-as-MOOT** Plaintiff's motion for entry of default; (4) **DENIES-as-MOOT** Plaintiff's motion for emergency injunction or summary judgment; and (5) **DISMISSES** the complaint.

### A.  Plaintiff Fails To State A Plausible FDCPA Claim

As an initial matter, the Court must dismiss Plaintiff's FDCPA claim against Global Lending, because Global Lending is not a "debt collector" as that term is defined by that

statute.  To prevail on her FDCPA claim, Plaintiff must prove, among other things, that: (1) Global Lending is a debt collector.  *Boosahda*, 462 F. App'x at 333 n.3.  The FDCPA defines the term "debt collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be due another."  15 U.S.C. § 1692a(6).

Importantly here, the FDCPA excludes from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."  *Id.* § 1692a(6)(F)(iii).  And so, this Court has held that creditors are not debt collectors under the FDCPA when the creditors act to collect debts owed to themselves. *Boccone*, 2007 WL 2914909, at *5 ("creditors collecting debts in their own names and whose primary business is not debt collection are not subject to the FDCPA."); *Reyes*, 2013 WL 6012504, at *2 (as a general matter, creditors are not subject to the FDCPA.).

That is precisely the circumstance presented in this case.  It is undisputed that Plaintiff signed the RISC on October 31, 2020, to obtain credit to purchase an automobile from Infiniti of Suitland.  ECF No. 1 at 3.  Infiniti of Suitland was Plaintiff's creditor under the RISC.  ECF No. 18 at 7-8.  It is also undisputed that Infiniti of Suitland subsequently assigned the RISC to Global Lending on October 31, 2020.  ECF No. 11-1 at 5.  And so, this assignment transferred Infiniti of Suitland's status as Plaintiff's creditor under the RISC to Global Lending.  *Id*; *see also* ECF No. 18-1 at 2.

Because Global Lending is Plaintiff's creditor under the terms of the RISC, and Global Lending seeks to collect a debt owed to itself with regards to Plaintiff's auto loan, Global Lending is not a "debt collector" as defined by the FDCPA.  15 U.S.C. § 1692a(6); *Boccone*, 2007 WL 2914909, at *5.  Given this, Plaintiff cannot prevail on her FDCPA claim against Global Lending.  And so, the Court DISMISSES this claim pursuant to Fed. R. Civ. P. 12(b)(6).

### B. **Plaintiff Fails To State A Plausible TILA Claim**

Plaintiff's TILA claim is also problematic.  In the complaint, Plaintiff alleges that Global Lending violated the TILA by requiring and accepting a cash down payment and charging her finance charges in connection with the purchase of an automobile.  *See* ECF No. 16 at 5-7.  Plaintiff also alleges that she was required to make monthly payments on her auto loan, in violation of the TILA.  ECF No. 16 at 3.  And so, Plaintiff contends that Global Lending failed

8

to provide proper disclosures in the RISC regarding the finance charges for her auto loan. *Id*. at 6.

The Court agrees with Global Lending that Plaintiff's claims are not plausible. The TILA requires, among other things, that lenders "clearly and conspicuously provide a number of disclosures to borrowers, including the disclosure of the borrowers' right to rescind a consumer credit transaction." *Watkins*, 663 F.3d at 234 (quoting 15 U.S.C. §§ 1601(a)). Relevant to this dispute, the TILA requires that creditors "provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights."[3] *Beach*, 523 U.S. at 412; *see also*, 15 U.S.C. §§ 1601-1667f.

Plaintiff fails to state a plausible TILA claim for several reasons. First, Plaintiff cannot show that Global Lending violated the TILA because she made a cash down payment to purchase her vehicle. Plaintiff points to no law or facts to support her view that Global Lending could not impose a finance charge on her auto loan, because she made a cash down payment to purchase her vehicle. *See generally*, ECF Nos. 1; 16.

The facts before the Court also show that Plaintiff was assessed this finance charge, because she was extended credit to purchase her automobile. As Plaintiff acknowledges, the outstanding balance on her vehicle was financed through an auto loan. ECF No. 16 at 3. Given this, the facts before the Court show that Plaintiff was properly assessed finance charges under the RISC, because she was extended credit in the amount of $17, 981.01 to purchase her vehicle. ECF No. 18 at 11.

Lastly, a plain reading of the RISC makes clear that Infiniti of Suitland and Global Lending disclosed all credit terms for Plaintiff's auto loan, including the finance charges, when Plaintiff executed that agreement. ECF No. 11-1 at 1. Notably, the RISC discloses under the "Truth-in-Lending Disclosures" heading a finance charge (the dollar amount the credit will cost you) of $13,365.99. *Id*. Given this evidence, Plaintiff has not stated a plausible claim under the TILA in this action. And so, the Court also DISMISSES this claim pursuant to Fed. R. Civ. P. 12(b)(6).

---

[3] Under the TILA, a finance charge is any charge "imposed directly or indirectly by the creditor as an incident to the extension of credit," and "does not include charges of a type payable in a comparable cash transaction." 15 U.S.C. § 1605(a); *see also*, 12 C.F.R. § 226.4(a).

### C.  Plaintiff's Proposed Amendments Would Be Futile

As a final matter, dismissal of this matter is also warranted because Plaintiff's proposed amendments to the complaint would be futile.  In her response in opposition to Global Lending's motion to dismiss, Plaintiff appears to seek to amend the complaint to add claims for aggravated identity theft, Gramm-Leach Bliley Act violations and fraud and swindles.  ECF No. 16 at 5-6.  Plaintiff has not sought leave of the Court to make these amendments as required under Rule 15(a)(2).  Nonetheless, the Court finds that the proposed amendments would be futile.

This Court should deny a party leave to amend when the amendment would be futile. *Johnson*, 785 F.2d at 509 (citing *Foman*, 371 U.S. at 182).  An amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer*, 479 F. App'x at 479.  And so, the Court should deny Plaintiff leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee*, 755 F. Supp. 2d at 677.

Here, Plaintiff cannot state a claim under the Gramm-Leach Bliley Act, because there is no private right of action under that Act. *Shirley v. Buonassissi Henning & Lash, PC*, No. 11-CV-00304-AW, 2011 WL 4352106, at *5 (D. Md. Sept. 15, 2011) (dismissing claim under the GLBA since the Act does  not provide a private right of action).  Plaintiff similarly cannot bring claims for aggravated identity theft and fraud and swindle in this matter, because these claims implicate criminal statutes for which there is also no private right of action. *Wimbish v. Fedder & Garten*, No. GJH-18-3558, 2020 WL 406935, at *7 (D. Md. Jan.  24, 2020) (finding no private cause of action under 18 U.S.C. § 1341 and dismissing claim); *Lewis-Davis v. Baltimore Cnty. Pub. Sch. Infants & Toddlers Program*, No. CV ELH-20-0423, 2021 WL 1720235, at *18 (D. Md. Apr. 30, 2021) (finding no private cause of action under 18 U.S.C. § 1028A and dismissing claim.  And so, the Court declines to grant Plaintiff leave to amend the complaint to bring these claims.  Fed. R. Civ. P. 15(a)(2).

### IV.    CONCLUSION

In sum, Plaintiff fails to state a claim under the FDCPA, because it is undisputed that Global Lending is not a "debt collector" as defined by the FDCPA.  Plaintiff also fails to state a claim under the TILA because: (1) she cites to no authority to support her argument that Global Lending violated the TILA, because she made a cash down payment to purchase her automobile;

(2) the undisputed facts show that Plaintiff was assessed a finance charge because she was extended credit to purchase her vehicle; and (3) the plain text of the RISC makes clear that Global Lending disclosed all credit terms for Plaintiff's auto loan, including the finance charges for her auto loan.

And so, for the foregoing reasons, the Court:

(1) **GRANTS** Global Lending's motion to dismiss;

(2) **DENIES-as-MOOT** Plaintiff's motion to dismiss Global Lending's counsel;

(3) **DENIES-as-MOOT** Plaintiff's motion for entry of default;

(4) **DENIES-as-MOOT** Plaintiff's motion for emergency injunction or summary judgment; and

(5) **DISMISSES** the complaint.

A separate order shall issue.

Each party to bear its own costs.

**IT IS SO ORDERED.**


s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge